UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CRIMINAL NO. _____ |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | 18 U.S.C. § 201(c)(1)(B) (Gratuity Received |
| **MATHIEU ZAHUI** | ) | by a Public Official) |
| | ) | 18 U.S.C. § 1001 (Making False Statement to |
| **Defendant.** | ) | Federal Law Enforcement Officers) |
| | ) | |
| | ) | FORFEITURE: |
| | ) | 18 U.S.C. § 981(a)(1)(C), |
| | ) | 28 U.S.C. § 2461(c), and |
| | ) | 21 U.S.C. § 853(p) |
| | ) | |

## INFORMATION

The United States Attorney charges:

### Introduction

At times material to this Information:

1. The United States African Development Foundation ("ADF") was an independent U.S. government agency that was established to support and invest in African-owned and African-led business enterprises.

2. Between 2017 and the present, **MATHIEU ZAHUI** served as the Director of Financial Management ("Finance Director") at ADF. **ZAHUI** referred to himself as the "CFO" of ADF. **ZAHUI** was a "public official" as defined in Title 18, United States Code, Section 201(a)(1). **ZAHUI**'s responsibilities ranged from overseeing finance, accounting, information technology and human resources, to reviewing and approving invoices submitted by contractors. Additionally, between December 2022 and the present, **ZAHUI** assumed the role of Contracting Officer Representative for ADF. As a Contracting Officer Representative, **ZAHUI** was

responsible for monitoring contractor performance and reviewing and processing invoices.

3. CC-1 was an owner of a Kenya-based company, Company-1. Previously, CC-1 held various positions in the U.S. government, including as a senior contracting officer and program manager at a large U.S. federal government agency.

4. **ZAHUI** and CC-1 had known each other since 1999.

5. Between 2020 and 2023, **ZAHUI** oversaw the award of three sole-source contracts to Company-1 valued at $347,280, $350,544, and $93,200.

6. Between at least June 2020 and December 2023, **ZAHUI** approved payments of funds to Company-1 for little-to-no actual work performed by Company-1. To do this, **ZAHUI** and CC-1 utilized pass-through invoices whereby **ZAHUI** arranged for ADF to pay certain vendors and contractors through Company-1 rather than pay them directly. **ZAHUI** then approved invoices for Company-1 and CC-1 that included mark-ups ranging from 17% to 66% on these pass-through invoices, even when Company-1 did no work justifying the mark-up. When Company-1 submitted these marked-up invoices to ADF, **ZAHUI**, in his capacity as Finance Director/CFO, approved ADF's payment of the invoices. In this same capacity, **ZAHUI** also approved other Company-1 invoices that did not include pass-through arrangements.

7. Between at least August 2019 and August 2022, **ZAHUI** personally and directly received from CC-1 $12,000 in cash payments, which CC-1 transmitted to **ZAHUI's** bank account in eight separate payments. **ZAHUI** received and accepted the cash payments because of official acts he performed and would perform to benefit CC-1 and Company-1.

## COUNT ONE
### (Gratuity Received by a Public Official)

8. Paragraphs 1 through 7 of this Information are realleged and incorporated herein by reference as if set out in full.

9.      Between at least August 2019 and April 2023, in the District of Columbia and elsewhere, the defendant,

**MATHIEU ZAHUI**,

being a public official, that is, the Finance Director and a Contracting Officer Representative for ADF, did otherwise than as provided by law for the proper discharge of his official duties, directly and indirectly demand, seek, receive, accept, and agree to receive and accept something of value personally for and because of an official act performed and to be performed by defendant **ZAHUI**, that is, defendant **ZAHUI** did receive at least $12,000 in cash payments from CC-1 for and because of **ZAHUI**'s official duties for ADF, to wit:

    a.  **ZAHUI** recommended the approval of sole-source contracts to Company-1 in lieu of utilizing a competitive bidding process;

    b.  **ZAHUI** directed ADF's vendors and contractors to send invoices to Company-1 pursuant to the conduct described above in Paragraph 6; and

    c.  **ZAHUI** approved invoices from Company-1 to ADF.

**(in violation of Title 18, United States Code, Section 201(c)(1)(B))**

## COUNT TWO
### (Making False Statement to Federal Law Enforcement Officers)

10.     Paragraphs 1 through 7 of this Information are realleged and incorporated herein by reference as if set out in full.

11.     On or about January 11, 2024, in the District of Columbia and elsewhere, the defendant,

**MATHIEU ZAHUI**,

in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and

representation, that is, in an interview with special agents from the U.S. Agency for International Development, Office of Inspector General, **ZAHUI** represented that he had never received any benefits from CC-1 when, in truth and in fact, defendant **ZAHUI** had received benefits in the form of cash payments from CC-1 on multiple occasions.

**(in violation of Title 18, United States Code, Section 1001)**

## NOTICE OF FORFEITURE

Upon conviction of the offense in violation of Title 18, United States Code, Section 201 as alleged in Count One, Defendant,

**MATHIEU ZAHUI**,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

## MONEY JUDGMENT

In the event of conviction, the United States may seek a money judgment.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and all pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

LORINDA I. LARYEA
Chief, Fraud Section

By:      */s/ Sungtae Kang*
Sungtae Kang, Virginia Bar No. 90100
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 431-0569
Sungtae.Kang@usdoj.gov

By:      */s/ Kyle Hankey*
Kyle Hankey, D.C. Bar No. 1010827
Assistant Chief
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 549-8941
Kyle.Hankey@usdoj.gov